FILED
2017 Apr-24  AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHANNON JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | |
| **WH CAPITAL, LLC d/b/a** | ) | **JURY TRIAL DEMANDED** |
| **WAFFLE HOUSE, INC.,  and** | ) | |
| **JACOB LEMONS, individually,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e *et seq.*, as amended, known as Title VII of the Civil Rights Act of 1964.  The jurisdiction of this Court is invoked to secure the protection of, and to redress the deprivation of rights secured by Title VII, providing injunctive and other relief against sex discrimination and retaliation.   The Court also has pendent jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1332(a)(1).

2.      The unlawful employment practices occurred in the above-styled judicial district and division making venue proper in this Court.

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her charge of sex discrimination and

retaliation with the EEOC, within 180 days of the occurrence of the last discriminatory act(s) and files this Complaint within 90 days of the receipt of the Notice of Right to Sue from the EEOC.[1]

## STATEMENT OF THE PARTIES

4.      Plaintiff, **Shannon Jones** ("Plaintiff"), is a female citizen of the United States and a resident of St. Clair County, Alabama.  At all times material to this Complaint, Plaintiff was employed by the Defendants at Unit #825, located at 2140 Moody Parkway, Moody Alabama, ("Waffle House-Moody").

5.      Defendant **WH Capital, LLC d/b/a Waffle House, Inc.** ("Waffle House") is a domestic corporation with its principal place of business in Moody, Alabama.  At all times relevant to this Complaint, Waffle House was an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and employed at least fifteen (15) or more employees.

6.      Defendant **Jacob Lemons** ("Lemons") is a United States citizen over the age of nineteen (19) years.  At all times material to this Complaint, Lemons was the supervising District Manager for Unit #825 where Plaintiff worked.

---

[1] An additional EEOC charge for retaliation was filed on August 23, 2016, within 180 days of the date the discriminatory act took place on June 8, 2016.  February 23, 2017, Plaintiff received the Notice of Right to Sue.

## STATEMENT OF THE FACTS

7.     Plaintiff was re-employed with Waffle House from March 13, 2008, until she resigned in June 8, 2016.

8.     After completing management training, Plaintiff was assigned to Waffle House-Moody as Unit Manager in the latter part of 2014.

9.     In April of 2015, Defendant Lemons became District Manager and Plaintiff's immediate supervisor.

10.    Upon first meeting Defendant Lemons, Plaintiff inquired if there was anything she could do to make her restaurant better and Lemons responded by telling her to "get in your car and go home".  Plaintiff felt humiliated and embarrassed.

11.    On or around May 12, 2015, Defendant Lemons, while conducting an inspection of Waffle House-Moody, propositioned Plaintiff to follow him to a remote location, to which Plaintiff refused.

12.    The following day, Defendant Lemons returned to Waffle House-Moody and began auditing the restaurant's commissary.  While in the commissary (in the back of the restaurant), Lemons called Plaintiff back several times to ask trivial or unnecessary things to create opportunities to perform lewd and lascivious acts, such as pressing his body up against her, pulling Plaintiff towards him and exposing his penis to her. Plaintiff either pulled away from Defendant Lemons and/or ran out each

3

time.

13.     On May 14, 2015, Plaintiff reported these incidents of sexual harassment to Defendant Waffle House.

14.     The continual sexual advances and sexual demands from Lemons were not welcomed and created a sexually hostile work environment.

15.     The sexual harassment and retaliation were so pervasive and intolerable, that Plaintiff suffered extreme emotional distress and anxiety.

16.     The sexual misconduct by Defendant Lemons, which was condoned and supported by Defendant Waffle House, was so pervasive and an ingrained part of the organizational culture.

17.     Defendant Waffle House had actual knowledge of the sexual harassment Plaintiff suffered, but failed to take prompt remedial action.

18.     Defendant Waffle House did not have sufficient anti-harassment policies in place and did not widely disseminate or vigorously enforce the deficient anti-harassment policy it had in place. Nevertheless, Plaintiff attempted to avoid further harm by complaining of the harassment.

19.     Defendant Waffle House failed to guard against sexual harassment and failed to take adequate remedial action when Plaintiff complained of such harassment.

20.     Because Plaintiff was continually subjected to being harassed and

intimidated by Defendant Lemons, the mental anguish affected her ability to function thus, her attendance began to diminish.

21.   On June 2, 2015, Plaintiff was issued a "Last Chance Notice", from Defendant Waffle House, for an alleged violation of the "Attendance Control Policy".

22.   This discipline was issued in retaliation for Plaintiff's complaints of sexual harassment.

23.   The EEOC received Plaintiff's sex discrimination and retaliation charge on July 22, 2015.

24.   After Plaintiff complained about the sexual misconduct and filed an EEOC charge, she suffered a hostile and retaliatory environment, including false write-ups, isolation, different treatment and extra scrutiny and suspicion. The adversity Plaintiff faced unreasonably interfered with her job.

25.   On June 6, 2016, Plaintiff resigned from Defendant Waffle House.

26.   On August 23, 2016, the EEOC received Plaintiff's charge of retaliation.

27.   As a proximate result of her discriminatory treatment, Plaintiff has suffered extreme harm including, but not limited to, injury including, pain, humiliation, mental anguish and suffering, and loss of employment.

**COUNT I**
**Sexual Harassment in Violation of Title VII**

28.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

29.    Plaintiff belongs to a protected group as she is female.

30.    Plaintiff has been subjected to unwelcome sexual harassment, including sexual advances and requests for sexual favors through both verbal and physical conduct.

31.    Defendant Lemons' sexual harassment consisted of both explicit and implicit demands for sex during Plaintiff's continued employment.   Plaintiff's submission to or rejection of such requests for sexual conduct was used by Lemons as a basis for making employment decisions which affected the terms and conditions of Plaintiff's employment.   Giving in to Lemons' sexual demands was the cost of avoiding an adverse employment action.

32.    Plaintiff objected to Defendant's unwelcome sexual advances.

33.    The harassment Plaintiff complains of was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

34.    The unlawful conduct of the Defendants as described above were done with intent, malice and/or reckless disregard and/or deliberate indifference to

6

Plaintiff's federally protected rights.

35.    Defendant Waffle House is strictly liable for alleged harassment by managers, which ultimately culminated in a tangible employment action. Plaintiff's discipline is actionable under Title VII as it triggered adverse action.

36.    The tangible and adverse employment action was causally related to the harassment. Immediately after Plaintiff refused Defendant Lemons' sexual advances, Plaintiff experienced heightened scrutiny, suspicion and different treatment than other managers. Ultimately, Plaintiff was left with no choice by to resign from her employment with Waffle House.

37.    Defendant Waffle House failed to exercise reasonable care to prevent and promptly correct the sexually harassing behavior. Furthermore, Plaintiff reported the harassment, thereby taking advantage of any preventive or corrective opportunities in order to avoid harm.

38.    Defendant Waffle House did not have sufficient and effective anti-harassment policies in place and did not widely disseminate or vigorously enforce any anti-harassment policy it may have had.

39.    Defendant Waffle House failed to guard against the misconduct of management and failed to take adequate remedial action.

40.    Defendant Waffle House was aware of the hostile and abusive

7

environment, and refused to take appropriate remedial action. Defendant Waffle House ratified and condoned such hostile and abusive behavior by failing to take appropriate remedial action.

41.    As a proximate result, Plaintiff has suffered extreme harm including, but not limited to, injury including, pain, humiliation, mental anguish and suffering.

## COUNT II
## Retaliation and Retaliatory Hostile Environment

42.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

43.    Plaintiff had a good faith, reasonable belief that Defendant Lemons had engaged in sexual harassment. Plaintiff engaged in statutorily protected conduct. Plaintiff made direct complaints of sexual harassment to Waffle House's hotline.

44.    The written discipline Plaintiff received was causally related to her complaints of sexual harassment and the notice of her intent to file an EEOC charge. Lemons was aware of Plaintiff's protected conduct and there was a close temporal proximity between his awareness and the adverse employment which resulted.

45.    After Plaintiff complained about the sexual misconduct, she suffered a hostile and retaliatory environment, created by false write-ups, isolation, different

8

treatment and extra scrutiny and suspicion. On a daily basis, Plaintiff's work was micro-analyzed for any possible reason for resignation. She was written up, reprimanded, and repeatedly threatened with termination for alleged violations of non-existent company policies. Her authority to manage her subordinate employees was undermined by the intense new scrutiny from the home office and the second-guessing on even routine tasks and matters. The retaliation was pervasive and persistent up to Plaintiff's resignation.

46.    As a proximate result, Plaintiff suffered extreme harm and injury including, but not limited to, pain, inconvenience, embarrassment, humiliation, mental anguish and suffering.

## COUNT III
## Retaliatory Discharge

47.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

48.    Plaintiff had a good faith, reasonable belief that Defendant Lemons was a sexual predator and had engaged in sexual harassment. Plaintiff engaged in statutorily protected conduct. Plaintiff made direct complaints of sexual harassment to Defendant Waffle House via the company's hotline.

49.     Plaintiff immediately faced adversity as a result of her complaints of sexual discrimination.

50.     Subsequent to filing the first EEOC charge, Plaintiff was given written warnings for minor infractions that other managers did as well but were not reprimanded.  Plaintiff was faced with heightened suspicion and scrutiny.

51.     The adverse conduct of Plaintiff's superiors and disciplinary actions against her culminated when Plaintiff resigned from her employment with Waffle House.

52.     Plaintiff started back working for Waffle House on March 13, 2008. Plaintiff did not begin receiving disciplinary action and hostile work conditions until after she informed her superiors of the sexual harassment she was subjected to.  Since then, Plaintiff was faced with several retaliatory actions that ultimately led to her resignation from Waffle House.  Thereby, a causal link exists between Plaintiff's protected expression and the adverse action.

53.     As a proximate result, Plaintiff suffered extreme harm and injury including, but not limited to, pain, inconvenience, embarrassment, humiliation, mental anguish and suffering.

**COUNT IV**
**Invasion of Privacy Claim Under Alabama Law**

10

54.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

55.     Defendant Jacob Lemons, District Manager for of Waffle House-Moody, wrongfully invaded Plaintiff's physical and emotional sanctum by verbally and physically harassing her sexually.  By example, Lemons constantly made sexual advances towards Plaintiff, including grabbing her arms, pressing his body up against hers and exposing his penis to her.

56.     Lemons' conduct constitutes a wrongful invasion, prying and intrusion, into the Plaintiff's physical and emotional sanctum.

57.     Lemons' wrongful intrusion was offensive and objectionable to a reasonable person.

58.     Lemons' wrongful intrusion caused outrage, mental suffering, shame and humiliation to Plaintiff, a person of ordinary sensibilities.

59.     Waffle House ratified and condoned the misconduct perpetrated by its agent, Jacob Lemons and failed to take prompt remedial action.

60.     As a proximate result, Plaintiff has suffered harm and injury including, but not limited to, physical and personal injury, physical pain and suffering, emotional and mental anguish,  inconvenience, embarrassment and humiliation.

11

## COUNT V
## Intentional Infliction of Emotional Distress Under Alabama Law

61.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

62.     Defendant Lemons made sexual advances and demands for sexual intercourse by grabbing Plaintiff by the hand, while wearing a red condom on his penis and telling her it would "only take ten minutes".

63.     Defendant Lemons acted intentionally, or with reckless disregard of the consequences, in sexually harassing Plaintiff and making demands for sex. Defendant Lemons knew or should have known that emotional distress was likely to result from his conduct.

64.     Defendant Lemons' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

65.     Waffle House ratified and condoned the misconduct perpetrated by its agent, Jacob Lemons and failed to take prompt remedial action.

66.     As a proximate result, Plaintiff has suffered harm and injury including, but not limited to, physical and personal injury, physical pain and suffering,

emotional and mental anguish, inconvenience, embarrassment and humiliation.

## COUNT VI
### Assault and Battery

67.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

68.     Defendant Lemons intended to, and did in fact, touch the Plaintiff. Defendant Lemons' touching was conducted in a harmful or offensive manner.

69.     Specifically, verbally, sexually and physically harassing her. Specifically, Lemons constantly made sexual advances by grabbing Plaintiff by the hand, while wearing a red condom on his penis and telling her it would "only take ten minutes".

70.     Waffle House ratified and condoned the misconduct perpetrated by its agent, Jacob Lemons and failed to take prompt remedial action.

71.     As a proximate result, Plaintiff has suffered harm and injury including, but not limited to, physical and personal injury, physical pain and suffering, emotional and mental anguish, inconvenience, embarrassment and humiliation.

## COUNT VI

### Negligent Hiring, Training, Retention and Supervision Under Alabama Law Against Defendant Waffle House

13

72.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the above paragraphs as if fully set out herein.

73.     Defendant Waffle House failed to exercise due care in screening Lemon's application for employment. Defendant Waffle House had a duty to thoroughly screen any and all applicants for management position with the company and, had such screening taken place, would have been able to discover that Defendant Lemons was a refuted sexual predator.

74.     The carelessness and unskillfulness of Defendant Waffle House to properly screen Lemon's application was the proximate cause of Plaintiff's injuries and damages.

75.     After Defendant Waffle House received complaints of Lemons' sexual misconduct, it continually employed him.

76.     Defendant Lemons conducted further acts of sexual harassment against Plaintiff and other employees.

77.     Defendant Waffle House's policy makers failed to exercise due care because the supervisory employees were neglectful, careless and unskillful and in need of supervision.

78.     Defendant Waffle House's agents breached their duty by failing to adequately supervise their employees. More specifically, it failed to properly

14

supervise Mr. Lemons and his interactions with female employees. The carelessness and unskillfulness of Defendant Lemons' superiors and other supervisory employees were the proximate cause of Plaintiff's injuries and damages.

79.     Defendant Waffle House failed to provide adequate training to its employees, especially management and supervisory employees, on sex discrimination, sexual harassment and other workplace policies.

80.     As a proximate result of Defendant Waffle House's failure to adequately screen Lemons' application, train him on EEO matters, supervise his interactions with female employees and remove him from the workplace after it received repeated complaints of sexual harassment, Plaintiff has suffered harm and injury including, but not limited to, physical and personal injury, physical pain and suffering, emotional and mental anguish, inconvenience, embarrassment and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will assume jurisdiction of this action, and after trial, provide relief as follows:

1.     Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs that led to the discrimination by Defendants violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964.

2.     Enter an Order requiring the Defendants to make Plaintiff whole by

awarding Plaintiff compensatory and punitive damages.

3.      Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred by this litigation.

4.      Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is her only means of securing adequate relief.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE BY JURY**

Respectfully Submitted,

Samuel Fisher (ASB-2675-E68S)
Sidney Jackson (ASB-1462-K40W)
*Attorneys for the Plaintiff*
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**Notice of Lawsuit and Request for Waiver of Service to Be Sent  by Certified Mail to the Following:**

WH Capital, LLC d/b/a Waffle House, Inc.
c/o Corporation Service Company, Inc.
641 S. Lawrence Street
Montgomery, AL 36104

**Summons to Be Requested and Served on the Following:**

Jacob Lemons
372 Edge Hill Lane
Arab, AL 35016